**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2231
_____

IFEOMA EZEKWO,
                                                    Appellant

v.

JOSEPH G. MONAGHAN JSC Individually and in his official capacity as Justice of the
Superior Court, Bergen County, New Jersey; MICHAEL GUERRA, Individually and in
his capacity as Court Officer of Superior Court of New Jersey, Bergen County;
SHERIFF  CURETON, Individually and in his official capacity as Sheriff of Bergen
County, New Jersey; YAJAIRA ALONZO; TYREE BALMER; CITY OF
ENGLEWOOD; JOHN AND JANE DOES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:21-cv-05155)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: July 29, 2024)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ifeoma Ezekwo appeals pro se from an order granting the defendants' motions to dismiss her complaint, which contained allegations stemming from a dispute over the return of a rental property security deposit that had been paid to Ezekwo. We will affirm.

In 2021, Ezekwo filed a complaint in the United States District Court for the District of New Jersey. Ezekwo cited fifteen purported bases for relief, including, among other things, 42 U.S.C. § 1983, "abuse of process," and "blatant discrimination." She named as defendants New Jersey Superior Court Judge Joseph G. Monaghan, Court Officer Michael Guerra, and Bergen County Sheriff Anthony Cureton.[1] According to the complaint, Ezekwo's tenant obtained a state court judgment against her in the amount of $4667 but, when Ezekwo attempted to satisfy the judgment by delivering the money to the state court, Judge Monaghan "refused to accept the money." Ezekwo also alleged that Guerra obtained a warrant to satisfy the judgment by "fil[ing] . . . false information with Judge Monaghan" and harassed Ezekwo's tenant. The complaint further alleged that Sheriff Cureton was "obligated by law to inform [Ezekwo] of any planned levy but did not do so." Ezekwo sought money damages and injunctive relief. Judge Monaghan, Guerra, and Sheriff Cureton separately moved to dismiss Ezekwo's complaint. The District Court granted the motions to dismiss, holding that Judge Monaghan and Guerra were immune from suit and that Ezekwo failed to state a claim against Sheriff Cureton.

---

[1] The complaint named additional defendants but the District Court dismissed them under Federal Rule of Civil Procedure 4(m) for failure to effect service. Ezekwo does not challenge that dismissal.

The District Court also provided Ezekwo with leave to amend within 30 days of the entry of its order. Rather than file an amended complaint, Ezekwo filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). We exercise de novo review over the District Court's grant of a motion to dismiss. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The District Court properly determined that Judge Monaghan and Guerra are entitled to immunity. Judges and judicial officers generally are immune from civil suits for money damages for actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 9, 11 (1991) (per curiam); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). Ezekwo's claims against Judge Monaghan and Guerra principally focused on the entry and enforcement of the state court judgment. Such actions plainly were taken in their judicial capacities. To the extent that Ezekwo claimed that the actions were incorrect or improper, those allegations are insufficient to defeat immunity. See Stump v. Sparkman, 435 U.S. 349, 356 (1978). Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

3

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." § 1983. Nothing in Ezekwo's complaint suggests that this exception applies. See Azubuko, 443 F.3d at 303-04.

We also agree that Ezekwo failed to state a claim against Sheriff Cureton. As noted, above, Ezekwo alleged that Sheriff Cureton was "obligated by law to inform [her] of any planned levy but did not do so." This vague allegation was insufficient to state a claim under any of the fifteen purported legal theories identified in the complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Ezekwo also suggested that Sheriff Cureton was liable because he supervised Guerra. It is well settled, however, that liability under § 1983 may not be based on the doctrine of respondeat superior. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993); see also Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) ("Particularly after Iqbal, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue.") (citation and internal quotation marks omitted). In any event, Ezekwo's complaint makes clear that Guerra was employed by the state courts, not the Bergen County Sheriff's Office.[2]

---

[2] Sheriff Cureton attached to his motion to dismiss the declaration of a payroll supervisor for the Bergen County Sheriff's Office, who explained that Guerra was not an employee. To the extent that the District Court relied on the declaration, it should have converted the motion to dismiss into a motion for summary judgment. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 229 (3d Cir. 1987). Any error, however, is harmless, as there is no set of facts on which Ezekwo could possibly recover. See Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).

4

For the foregoing reasons, we will affirm the judgment of the District Court.